DIVISION OF TAX APPEALS.

NEW YORK CENTRAL RAILROAD SYSTEM, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENT.

CITY OF JERSEY CITY, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, AND NEW YORK CENTRAL RAILROAD SYSTEM, NEW YORK CENTRAL RAILROAD, NEW JERSEY JUNCTION RAILROAD, RESPONDENT.

TOWN OF WEST NEW YORK, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, AND NEW YORK CENTRAL RAILROAD SYSTEM, RESPONDENT.

Decided May 19, 1947.

For the New York Central Railroad, *John A. Hartpence.*

For the City of Jersey City, *Charles A. Rooney (Joseph C. Glavin,* of counsel).

For the Town of West New York, *Samuel L. Hirschberg (Anthony J. Armore,* of counsel).

For the Township of Weehawken, *John N. Platoff.*

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin Taub* and *Benjamin Van Tine,* Deputy Attorneys-General.

CONKLIN, COMMISSIONER. Complaints were filed by the New York Central Railroad System, the City of Jersey City,

and the Town of West New York against the assessment as made by the Director of Taxation for the year 1945. The several companies comprising the New York Central Railroad System appealed from the assessment of their properties as made by the Director and further appealed from the assessment of the floating equipment, which included barges, canal barges, car floats, derricks, dredges, ferries, scows, lighters, pile drivers, tugs, &c., used in marine freight. The Town of West New York and the City of Jersey City complained that the assessments were too low.

In the proofs offered, it was uncontradicted that Pier 7, shown in Schedule A of the complaint filed by the Town of West New York as Item No. 9, was under-assessed by the Director of Taxation. The testimony of witnesses produced by both the municipality and the railroad indicated that the value of Pier 7 and the elevator thereon was $500,000. (See *Pennsylvania Railroad* v. *Frank E. Walsh, Director of Taxation, Department of Taxation and Finance,* 53 *Atl. Rep.* (*2d*) 156, the opinion of the Division of Tax Appeals on the assessment of the Pennsylvania Railroad for the year 1945.)

For the reasons outlined in the opinions filed in the Pennsylvania Railroad case, *supra,* and in the other railroad cases for the year 1945, *Erie Railroad System* v. *Frank E. Walsh, Director of Taxation, Department of Taxation and Finance,* 53 *Atl. Rep.* (*2d*) 155; *Delaware, Lackawanna and Western Railroad* v. *Walsh,* 53 *Atl. Rep.* (*2d*) 153; *Lehigh Valley Railroad* v. *Walsh,* *Atl. Rep.* (*2d*) ; *Pitney (New Jersey Central Railroad)* v. *Walsh,* 25 *N. J. Mis. R.* 196; 51 *Atl. Rep.* (*2d*) 871, the appeals are hereby dismissed, with the exception of paragraph 9, Schedule A of the complaint of the Town of West New York, which appeal is granted.

Judgments have been entered in accordance with the foregoing conclusions.